IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY ALLEN ISOM,

        Petitioner,                    No. CIV S-09-2350 GGH P

    vs.

LARRY SMALL, Warden,

        Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order, filed on September 15, 2009, this court directed respondent to review the petition and pending motion to stay, both filed on August 24, 2009, and to file a response to the motion. After receiving an extension of time to do so, respondent filed an opposition on October 14, 2009. Petitioner, in turn, received an extension of time to file his reply and, although filed in the court docket on December 17, 2009, by application of the mailbox rule, the reply was filed timely, on December 8, 2009.[1]

        In opposition to petitioner's motion for a stay, respondent has addressed as unexhausted claim 2 of petitioner's seven grounds for relief, averring, inter alia, that claim 2

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

should have been exhausted previously and, in any event, is meritless. As the court noted in its initial order, petitioner raises some seven grounds in challenging his 2004 Butte County Superior Court conviction on three counts of lewd and lascivious conduct with minors under age 14 for which he was sentenced to an indeterminate term of 115 years to life (evidently under the three-strikes law). Petition, pp. 1- 20. In his motion, of the seven grounds raised, petitioner appears to allege that four are unexhausted and has moved to stay the petition pending the state court exhaustion of the unexhausted grounds. The grounds raised include: 1) ineffective assistance of counsel when petitioner was advised by his attorney to admit having suffered a prior serious felony "strike," pursuant to Cal. Penal Code § 220[2] (assault with intent to commit rape), even though the people would have had insufficient proof of the prior; 2) violation of double jeopardy clause and Fifth, Sixth and Fourteenth Amendments when his trial counsel advised him to admit having suffered a conviction under Cal. Penal Code § 220, where the evidence was either insufficient or inadmissible under Cal. Evid. Code § 1108, based on admission of live testimony by Jessie Dicus which relitigated facts to establish the "lewd" element not encompassed in the 1991 guilty plea under Cal. Penal Code § 220 and also where the testimony was inadmissible based on Proposition 115 testimony which was multiple hearsay with no hearsay exception; 3) deprived of his Fifth, Sixth and Fourteenth Amendments rights when the trial court refused to instruct the jury on the lesser offense under Cal. Pen. Code § 647.6(a)[3]; 4) violation of his rights under the Fifth, Sixth and Fourteenth Amendments when the trial court abused its discretion by admitting prior offense evidence involving conduct so dissimilar to the charged offenses that the prejudicial effect of such evidence substantially outweighed its probative value; 5) due process violation by admission of prior sex offense evidence to show petitioner's propensity to commit

---

[2] This state penal code section addresses: "[a]ssault with intent to commit mayhem, rape, sodomy, oral copulation, or other specified offense and commission of same acts in course of burglary of first degree; punishment." West's Ann. Cal. Penal Code § 220.

[3] Cal. Pen. Code § 647.6 has as its subject: "[a]nnoying or molesting child under 18; punishment." West's Ann. Cal. Penal Code § 647.6.

such offenses; 6) deprivation of petitioner's rights under the Fifth, Sixth and Fourteenth Amendments when trial court instructed jury that it could convict on the basis of propensity evidence alone; 7) deprivation of Sixth Amendment right to a jury determination of factors relied on to impose consecutive sentences which increased his sentence beyond the prescribed statutory maximum when trial court imposed consecutive sentences. Petition, pp. 1-20. Although petitioner purports to set forth seven grounds with some supporting facts/argument, his attached memorandum of points and authorities addresses only claims 1 through 4, but confusingly seeming to identify those claims as unexhausted in his motion but distinguishing only claim 2 as newly discovered with the assistance of a jailhouse lawyer after he had filed his second state court habeas petition on January 23, 2009. Petition, & attached memorandum, pp. 22-103; Motion, p. 8; Reply, pp. 3-4.

Notwithstanding, in the both the opposition and reply, the parties identify only one ground as unexhausted, claim 2. Opposition (Opp.), p. 2; Reply, p. 3. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

"[A] stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.23d 654, 661 (9th Cir. 2005) (quoting Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528 (2005); see also Pace v. DiGuglielmo, 514 U.S. 408, 416, 125 S.Ct. 1807 (2005) (prisoners may file a "protective petition" in federal court asking the court to stay and abey the federal proceedings until state remedies are exhausted.) Petitioner's

unexhausted claims cannot be "plainly meritless." Rhines, supra, at 277, 125 S. Ct. at 1535. Even if petitioner demonstrates the requisite good cause and presents potentially meritorious claims, a stay still will not be appropriate if there is any indication that petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

In King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit recently held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious.[4] However, using the Kelly procedure means that the newly-exhausted claims set forth in any amended petition must relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King v. Ryan, supra, 564 F.3d at 1141.

Although petitioner appears to assert that ground two has not been presented at all to the state courts, respondent contends that ground two "although stated somewhat differently" appears to be the ground that *was* presented in the unfinished second round, the review through the state appellate court denial. Opp., p. 3. Petitioner responds unequivocally in his reply that only his second claim is unexhausted but speaks of having submitted only a first and second state habeas petition in the state trial and appellate courts. Reply, p. 4. He explains that it was only

---

[4] Until King v. Ryan was decided, this court had been under the impression that Rhines foreclosed implementation of the Kelly stay-and-abeyance procedures. The procedural twists and turns of habeas corpus proceedings have surpassed complex.

after "a fellow inmate read his trial transcripts, was able to obtain the 1991 preliminary [sic] transcript" that the putative constitutional violation was unearthed. Id., at 3-4. Petitioner states that he prepared and submitted the claim, but he does not clearly identify when this ground, and to what court, it was submitted, further states that it was not discovered until both his state trial and appellate court petitions had been denied, and also avers that it was "subsequent to the denial in both lower state courts" that he realized that the AEDPA deadline for filing in federal court was looming. Id., at 4. He contends that he was not aware that the one-year statute of limitations would be tolled so long as he had a properly filed state habeas petition pending in state courts, while conceding that his ignorance of the tolling procedures is no excuse. Id. Despite petitioner's confusing representation that could lead to the inference that he had not yet exhausted any of his claims in the state supreme court, he has included, within his petition, a copy of a February 11, 2009, of a state supreme court petition denial, and within his motion to stay refers to the second round of state habeas petitions (rather than simply a first and second petition), a round that apparently even now remains incomplete.[5] Petition, p. 166; Motion, p. 3. In addition, upon reviewing exhibits to the petition (pp. 140-186), it appears that what petitioner means is that he had filed one full round of state habeas petitions through the state supreme court, and then commenced a second round which had advanced through the state appellate court denial, had discovered the second ground after the second denial of the second round and before proceeding to exhaust that ground in the state supreme court, submitted the instant petition. Motion, pp. 3-4. That, however, indicates that if there were any other claim (see Motion, pp. 9-13), other than and in addition to ground two, that may have been raised through the second round through the state appellate court habeas petition, for which a copy of the state court appellate denial, dated February 26, 2009, is included as an exhibit to the petition any such claims would also have been unexhausted, as there is no copy of a state supreme court decision

---

[5] Petitioner also includes a copy of a motion for an evidentiary hearing that he apparently directed to the state supreme court with regard to his state supreme court habeas petition. Petition, pp. 157-160.

after that date and petitioner expressly states that he filed the instant petition after the denial of the second round second (state appellate court) habeas petition and without filing a state supreme court petition. Petition, p. 185; Motion, p. 3. Nevertheless, respondent's failure to challenge any other claim as unexhausted leads the court to conclude that respondent has waived any contention that any other ground raised is unexhausted.

As to ground two, it appears either that, at the time of filing his federal petition, petitioner had either failed altogether to commence exhausting that claim in state court or had failed to proceed to the state supreme court. Respondent's point is well-taken that there is a 173-day delay between the date of denial of the February 26, 2009, state appellate court denial and the filing in this court of the instant petition, on August 18, 2009 (by application of the mailbox rule).[6] Petitioner does not adequately explain why, if he was so worried about the expiration of the AEDPA deadline, he waited some six months to file his petition in this court, nor does he represent that he has even now made any effort to exhaust ground two in the state supreme court since the filing of this petition, and respondent states affirmatively that he has not. Motion, p. 3; Opp., p. 4.

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, supra, 425 F.3d at 661-62. Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F.Supp.2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005) where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies

---

[6] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

before filing his federal petition. 544 U.S. at 416-17, 125 S.Ct. 1807. Even under this more lenient standard, petitioner's showing is simply insufficient to show good cause for having failed to exhaust in the state supreme court, or, at a minimum, even to this point, to have filed a state supreme court petition encompassing his second ground.

Nor does the second ground appear to have merit. Ground 2 is set forth as a claim of a violation of the double jeopardy clause and Fifth, Sixth and Fourteenth Amendments when his trial counsel advised him to admit having suffered a conviction under Cal. Penal Code § 220, where the evidence was either insufficient or inadmissible under Cal. Evid. Code § 1108, based on admission of live testimony by Jessie Dicus which relitigated facts to establish the "lewd" element not encompassed in the 1991 guilty plea under Cal. Penal Code § 220 and also where the testimony was inadmissible based on Proposition 115 testimony which was multiple hearsay with no hearsay exception. This claim in some measure is at least somewhat duplicative of the ineffective assistance of counsel in claim 1 challenging his trial counsel's advice for petitioner to admit having suffered a strike conviction.[7]

In addition to being at least in part duplicative of petitioner's ineffective assistance of counsel claim in claim 1, to the extent that petitioner superimposes a claim of double jeopardy and other constitutional violations in this one garbled, compound claim, petitioner does not appear to have much basis for it. Petitioner concedes having admitted prior violations of Cal. Penal Code §§ 220 and 459, and that the violations were serious and/or violent felony strikes, which he says he did on the advice of counsel. Petition, p. 6. Petitioner contends that his 1991 guilty plea to a violation of Cal. Penal Code § 220 was insufficient to show that he had pled to the greater of the two offenses that came under § 220, that of assault with intent to commit rape, rather than the lesser offense of simple assault, and that the prosecution's presentation of live testimony relitigated an element not encompassed within the initial guilty

---

[7] Claim 1 is a claim of ineffective assistance of counsel when petitioner was advised by his counsel to admit having suffered a prior serious felony "strike," pursuant to Cal. Penal Code § 220 (assault with intent to commit rape), even though the people would have had insufficient proof of the prior offense.

plea. Petition, p. 8.  On the face of it, respondent appears to be correct, however, that petitioner was not subjected to double jeopardy insofar as his admission of the § 220 prior conviction (on his guilty plea) only proved it existed and did not constitute a relitigation of the conviction. Opp., p. 4.  Nevertheless, the court will not parse this unexhausted claim absent the trial record in this case.  Rather, the court finds that petitioner is not entitled to a stay pursuant to Rhines; instead, the court will recommend granting the stay pursuant to King, supra.  As stated above, pursuant to the King/Kelly procedure, petitioner is neither required to show good cause for a stay or that the claims are potentially meritorious, rather (1) he must amend his petition to delete any unexhausted claims; after which (2) the court will stay and hold the amended, exhausted-claims-only petition in abeyance, allowing the petitioner to proceed to state court to exhaust the deleted (unexhausted) claims; and (3) the petitioner later will amend his petition and re-attach the newly-exhausted claims to the original petition.  Petitioner is cautioned, however, that the Kelly procedure, as explained above, does not afford him the same protection in terms of the question of the timeliness of any newly-exhausted claim set forth in any amended petition, as the Rhines procedure, for which the court finds petitioner does not qualify.

   Should petitioner elect not to file an amended petition setting forth only his fully exhausted claims, petitioner must so state within objections to these findings and recommendations.  Should he so object, the court herein recommends that claim 2 be stricken from the original petition, the claim the parties agree is unexhausted, and that this matter proceed upon petitioner's remaining claims.

   Accordingly, IT IS RECOMMENDED that the motion to stay, filed on August 24, 2009 (Docket # 3), be granted but only upon petitioner's filing, within 28 days of adoption of these findings and recommendations, of an amended petition containing only fully exhausted claims, that is, absent claim 2 of the original petition.

   IT IS FURTHER RECOMMENDED that should petitioner not elect to file an exhausted-claims-only petition and to further pursue a stay, that this matter proceed on the

original petition, with the unexhausted claim 2 stricken from the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/29/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
isom2350.mtn